In the matter of the petition of the COMMISSIONERS OF HIGHWAYS OF THE TOWN OF LEWISTON.

Where a county court, upon the application of commissioners of highways, makes an order for the removal of a toll gate, on a plank road, and the plank road company appeals to the supreme court, and referees are appointed, who make a report in favor of removing the gate, but to a different place from that designated by the county court, the case is not within the provision of the act of July 10, 1851, amending the general plank road act, so far as relates to the allowance of costs to the party *succeeding on the appeal.* The court may therefore make such order as it would make if acting under the 37th section of the general plank road act of 1837.

THE commissioners of highways of the town of Lewiston applied to the county court of Niagara county for the removal of a toll gate on the Lewiston and Niagara Falls plank road. The county court made an order directing the removal of such gate, and from such order the plank road company appealed to this court. Referees were appointed, in pursuance of the act passed July 10, 1851, amending the plank road law. The referee proceeded to view the premises, and made a report in favor of removing the gate, but to .a different place from that designated by the county court.

The commissioners of highways asked for an order confirming such report, and for costs. The company did not object to the confirmation of the report, but insisted that if ·either party was entitled to costs it was the company, and not the commissioners.

*G. W. Bowen*, for the commissioners.

*S. Caverno*, for the plank road company.

*By the Court*, TAGGART, J.   The 37th section of the act to provide for the incorporation of companies to construct plank roads and of companies to construct turnpike roads, passed May 7, 1847, provides among other things, that either party may appeal from the order of the county court on the subject of removal of toll gates, to the supreme court, within fifteen days after such order is made, on giving such security as said county judge shall require.   And if appealed from, the decision of the supreme court shall be final in the matter.   The said county and supreme court may direct the payment of costs in the premises as shall be just and equitable.

The second section of the act of 1851, amending the act of 1847, provides that the referees appointed in pursuance of the provisions of the first section, shall proceed to view the premises, and the location of the gate affected by the order appealed from, and shall proceed to a hearing of the respective parties, in the same manner as is provided by law and the rules and practice of the supreme court on reference of civil actions, and shall report their decision to the supreme court, together with the evidence taken by them, and the grounds of such decision. And the report of such referees may be reviewed by the said court, and judgment given thereon as justice and equity shall require, in view of the law and the facts as presented, and such judgment shall be final and conclusive.   Section third provides that the referees shall be entitled to the compensation now provided by law for referees in civil actions, to be paid in the first instance by the party in whose favor their report and decision shall be; and the said supreme court, on motion, shall award judgment therefor, together with such amount of costs and expenses as shall be deemed reasonable by the said court, to the *party succeeding on such appeal ;* which judgment shall be entered with the order and judgment of the said court

*affirming or reversing* the order of the county court appealed from. (*Laws of* 1851, *p.* 919.)

If we are to take the statement of the counsel for the appellants, that the order of the court directed the removal of the gate up the hill, towards Niagara Falls, (for we are not furnished with a copy of the order,) then by confirming the report of the referees, which directs the removal to the foot of the hill, towards Lewiston, we do not affirm the order or judgment of the county court, nor do we wholly reverse it; we modify that order or judgment, affirming it so far as it relates to the removal, but not in respect to the place specified in that order.

In the case of *McAllister* v. *Albion Plank Road Company*, (11 *Barb.* 610,) we held that the judgment to be given was a judgment of reversal or affirmance of the order made by the county court, and not of the report of the referees. If we were right in that case, where the court ordered the removal of the gate and the referees on appeal found against its removal, we must in this case order, not that the report of the referees be simply confirmed, but in addition to that must order the judgment or order of the court to be so modified, as to require the company to remove their toll gate from the place where it now stands to the foot of the hill towards the village of Lewiston, as in the referees, report specified.

The question then arises, *in whose favor did the referees report and decide?* The decision is not wholly in favor of the respondents, because it does not sustain the order of the county court. Neither is it in favor of the appellants, because it directs the removal of the gate. Again, neither party has entirely succeeded on the appeal; but if either party can be said to have succeeded it is the appellant, who, although it has not reversed yet it has modified the order of the county court. The supreme court is to award judgment for the costs, to the party succeeding on the appeal; which judgment is to be entered with the order and judgment of said court, affirming or reversing the order of the county court. Now there is no judgment or order either *reversing or affirming* the order of the county court; the judgment for costs cannot therefore be entered with

such order. If, however, it should be imperative on us to award costs, it seems to be most in accordance with the requirement of the statute to give costs to the appellant.

I think, however, in this case that such a disposition of the costs is not required. That the case is not within the provision of the act of 1851, so far as relates to the allowance of costs, and that we may therefore make such order as we should have made if acting under the 37th section of the act of 1847. That section authorized the supreme court to direct the payment of costs as should be just and equitable. In this case the respondents succeeded before the county court, in obtaining an order for the removal of the gate, and were equitably entitled to the costs of their proceedings in obtaining the order. The appellants have succeeded in modifying such order, and are equitably entitled to the costs of appeal. We are authorized to give judgment as justice and equity shall require. I think, in view of all the facts, that we should so modify the order of the county court as to require the removal of the gate in accordance with the report of the referees, and that no costs be allowed to either party in the county court or in this court.

[ERIE GENERAL. TERM, April 25, 1853. *Marvin, Taggart* and *Mullett,* Justices.]